## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff, individually and on behalf*
*of all others similarly situated*

| | |
|---|---|
| RAFAEL BLANCO, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 22-cv-_____ |
| - vs. – | **COMPLAINT** |
| | **COLLECTIVE ACTION** |
| Manor Management LLC, and Barry Gottehrer, | |
| Defendants. | |

Plaintiff Rafael Blanco, by and through his undersigned attorneys, for his complaint against Manor Management LLC, and Barry Gottehrer, on behalf of himself and all other persons similarly situated, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of defendants Manor Management LLC, and Barry Gottehrer, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b), that he is entitled to (i) unpaid wages from defendants for overtime work for which he did not receive overtime compensation pay as required by law, and (ii) liquidated damages

pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.      Plaintiff further complains that he is entitled to: (i) unpaid wages at least equal to applicable statutory minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (ii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iii) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.      Mr. Rafael Blanco ("Plaintiff" or "Mr. Blanco") is an adult individual residing in 519 W. 134th Street, Basement Apt., New York, New York, 10031.

4.      Defendant Manor Management LLC ("Manor Mgmt") is a New York limited liability company with a registered business address at 5114 Fort Hamilton Parkway, Brooklyn, New York 11219.

5.      Defendant Barry Gottehrer is an adult individual, managing member and sole owner of defendant Manor Mgmt.

6.      Upon information and belief, and at all relevant times herein, Defendant Manor Mgmt owned and operated the building in which Plaintiff worked, located at, 519 W. 134th Street, New York, New York, a multi-story building with approximately 25 rental units.

7.      At all relevant times herein, Defendants Manor Mgmt and Barry Gottehrer individually and/or jointly controlled the employment of Plaintiff and was responsible for

retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

8.      At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

9.      At all times relevant herein, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.     Upon information and belief, at all relevant times, Defendant Manor Mgmt has had gross revenues exceeding $500,000.00.

11.     Upon information and belief, at all relevant times herein, Defendant Manor Mgmt has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

12.     Upon information and belief, at all relevant times, Defendant Manor Mgmt constituted an "enterprise" as defined in the FLSA.

13.     Upon information and belief, Defendant Barry Gottehrer is the owner tor part owner and principal of Manor Mgmt; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.     Defendant Barry Gottehrer is involved in the day-to-day operations of Manor Mgmt and plays an active role in managing the business.

15.     Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

16.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

**COLLECTIVE ACTION ALLEGATIONS**

18.     Pursuant to 29 U.S.C. § 206 and § 207, Mr. Blanco seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendant Manor Mgmt in the United States at any time since June 20, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were employees of defendant Manor Mgmt, and who were not paid at least applicable minimum wage or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19.     The Collective Action Members are similarly situated to Mr. Blanco in that they were employed by the defendants as non-exempt employees,and we re denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

20.     They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

21.     Mr. Blanco, and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

22.     The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

**<u>FACTS</u>**

23.     Upon information and belief, at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership.

24.     Upon information and belief, at all relevant times herein, Defendants owned and/or operated at least two multi-family apartments buildings located in Manhattan, New York at 519 West 134th Street, and 501 West 134th Street.

25.     At all times relevant herein, Defendants employed Mr. Blanco as a "super", in which position Plaintiff performed manual work including cleaning, maintenance and repairs, throwing out the trash as well as sweeping or shoveling the snow outside the building, in Defendants' multi-story building located at 519 West 134th Street, New York, New York.

26.     Mr. Blanco was been employed in such position by Defendants from June 2010 until mid-April 2022.

27.     During his employment by Defendants, Mr. Blanco has worked six days per week, Monday through Saturday, from 5 a.m. until 6 p.m.  Consequently, Mr. Blanco worked approximately 65 hours per week during his employment by Defendants.

28.     During his employment by Defendants, Mr. Blanco was paid a weekly salary, as follows: $200 per week from June 2010 through December 2013;  $370 per week from January 2014 until the end of his employment by Defendants.

29.     During that latter period, Plaintiff also had responsibilities at a second building owned by Defendants, located at 501 West 134th Street, New York, New York,

and worked an additional hours on Sundays, in addition to the daily schedule set forth above in paragraph 36.

30.     Plaintiff's work while employed by Defendants was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

31.     At all relevant times herein, Mr. Blanco was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

32.     Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

33.     Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

34.     Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

35.     Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

36.     Upon information and belief, throughout the period of Mr. Blanco's employment, both before that time (throughout the Collective Action and Class Action Period) and continuing until today, the defendants have likewise employed other individuals like Mr. Blanco (the Collective Action Members and Class Members) in positions at the defendants' buildings that required little skill, no capital investment, and

with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

37.   Defendants applied the same employment policies, practices, and procedures to all Collective Action Members and Class Members, including policies, practices, and procedures with respect to the payment of overtime.

38.   Upon information and belief, these other individuals have worked in excess of forty hours per week, yet the defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

39.   Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

40.   Upon information and belief, while the defendants employed Mr. Blanco and the Collective Action and Class members, and throughout all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

41.   Upon information and belief, while the defendants employed Mr. Blanco and the Collective Action members and Class Members, and throughout all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## **COUNT I: Fair Labor Standards Act - Overtime**

42.     Plaintiff, on behalf of himself and all Collective Action Members and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43.     At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members and Class Members within the meaning of the FLSA.

44.     Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

45.     Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

47.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

## **COUNT II:  New York Labor Law  – Minimum Wage**

48.     Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

8

49.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50.     Defendants willfully violated Plaintiff's rights by failing to pay him wages at least equal to statutory minimum wage, in violation of the New York Labor Law §§ 190-99, 652 and supporting regulations.

51.     Defendants' failure to compensate Plaintiff in compliance with the New York Labor Law was willful and lacked good faith basis, within the meaning of New York Labor Law §§ 198 and 663 and supporting regulations.

52.     Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 198 and 663(1).

## COUNT III: New York Labor Law - Overtime

53.     Plaintiff, on behalf of himself and all Collective Action Members and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55.     Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

56.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

57.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT IV: New York Labor Law – Wage Theft Prevention Act

58.     Plaintiff, on behalf of himself and all Collective Action Members and Class Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60.     Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

61.     Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

62.     Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day from February 27, 2015, through mid-April, 2022, up to the maximum statutory damages.

63.     Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day from February 27, 2015 through mid-April 2022, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.   A compensatory award of unpaid compensation, at the applicable statutory minimum wage and overtime rates due under the FLSA and the New York Labor Law;

d.   An award of liquidated damages as a result of Defendants' willful failure to pay at least minimum wage applicable under the New York Labor Law:

e.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.   Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

g.   Back pay;

h.   Punitive damages;

i.   An award of prejudgment and post judgment interest;

j.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.   Such other, further, and different relief as this Court deems just and proper.


Dated:  June 20, 2022                              /s/ *Michael Samuel*
                                                   Michael Samuel, Esq. (MS 7997)
                                                   THE SAMUEL LAW FIRM
                                                   1441 Broadway – Suite 6085
                                                   New York, NY 10018
                                                   (212) 563-9884

                                                   *Attorneys for Plaintiff*