# THE SAMUEL LAW FIRM

ATTORNEYS AT LAW

1441 BROADWAY – SUITE 6085, NEW YORK, NY 10018
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**MICHAEL SAMUEL**      November 8, 2022      ADMITTED IN
michael@thesamuellawfirm.com      NY

**Via ECF**

The Hon. Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square, Room 105
New York, NY 10007



*Re: Blanco v. Manor Management LLC and Barry Gottehrer*
Case No. 1-22-cv-05176

Dear Judge Failla:

    We represent Plaintiff Rafael Blanco in the above-captioned matter and submit this letter to the Court with the approval of Defendants for the Court's assessment and approval of the settlement agreement reached by the parties (the "Settlement Agreement"). The Settlement Agreement, executed by the parties, is being submitted contemporaneously with this letter, and the parties respectfully submit that the Court should approve the Settlement Agreement and dismiss Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") in this case with prejudice because the settlement is a fair resolution of such claims, negotiated in an arm's length negotiation between experienced counsel. A copy of the Settlement Agreement is provided herewith.

<u>Background</u>

    Plaintiff was employed by Defendants Manor Management LLC and its owner Barry Gottehrer (collectively, "Defendants") as a building superintendent from approximately September 2010 until mid-April 2022. Plaintiff commenced this action on June 21, 2022, against Defendants alleging, *inter alia*, unpaid overtime wages under the FLSA and the New York Labor Law ("NYLL") and claims under the NYLL for failure to provide wage notices and wage statements.

    In the complaint, Plaintiff alleged that Defendants failed to compensate him for hours worked over 40 during each workweek. Further, Plaintiff alleged that his pay did not meet the satisfactory minimum wage rate set by the state of New York. Additionally, Plaintiff asserted that Defendants failed to provide him with the notices or weekly wage statements required by the

1

NYLL. Defendants deny all the allegations made in the Complaint. The settlement agreement shall not be interpreted as an admission of liability of any kind by the Defendants.

## Settlement Agreement

The parties engaged in negotiations and document exchange, which included the exchange of information regarding Plaintiff's work and compensation history maintained by Defendants.

As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's FLSA and NYLL claims against Defendants for a total of **Thirty-Five-Thousand Dollars ($35,000.00)**, which is inclusive of legal fees and costs. While the final settlement amount of Plaintiff's claims is less than Plaintiff's maximum possible recovery, we believe this to be a fair resolution of this matter.

By settling now, Plaintiff ensures that he will get much of what he could potentially recover, including the money he is entitled to under the Fair Labor Standards Act, and he does so without having to wait through months of likely fruitless discovery, then having to face the uncertainty of trial and the possibility that in the end, even in the unlikely event that his testimony is credited over Defendants' records, Defendants might be unable to satisfy the judgment.

## FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiff suggests that they weigh strongly in favor of settlement approval.

This settlement will enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany the litigation and trial process. Because the parties engaged in exchange discoverable information which informed the settlement discussions, they had sufficient

information to assess those risks as to the merits of the claims, as well as the risk that Plaintiff might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and counsel exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Counsel for Defendants are also experienced employment law and litigation attorneys. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Pursuant to the settlement Plaintiff will no longer be employed by Defendants so there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiff, we will retain 1/3 of the FLSA settlement (i.e., a total of **$11,666.67**) as attorneys' fees. We will waive our right to reimbursement for filing and service costs.

In total, Plaintiff's counsel expended 14.2 hours in representation of Plaintiff, including time related to the negotiation and preparation of the settlement agreement and this letter. I am a founding partner of the Samuel Law Firm. I have been admitted to practice law in New York since 1993 and focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is $450. My colleague, Andrew Beresin, counsel to the Firm, was admitted to practice in 1992, and has litigated more than 50 such cases during the past three years. His hourly rate is $400. I believe these hourly rates to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

   We have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

Release and Confidentiality

   Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a broad, general release of Plaintiff's claims, but instead only releases wage or compensation related claims, and does not contain a confidentiality provision.

Conclusion

   For all of the reasons set forth above, the parties respectfully request that the Court approve the settlement agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

                      Respectfully submitted,

                       /s/ Michael Samuel
                       Michael Samuel, Esq.

Cc (Via ECF): Lewis Steven Goldberg
Goldberg & Weinberger LLP (CT)
56 Dayton Road
Redding, CT 06896
(203)-938-2106
*Attorneys for Defendants*

The Court has reviewed the settlement documents for fairness in accordance with the FLSA and Second Circuit law, *see, e.g.*, *Cheeks* v. *Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable.  It should be noted, however, that the Court is not in this endorsement opining specifically on the reasonableness of the rates charged by the attorneys and paralegals representing Plaintiff.

Accordingly, the settlement is approved, and the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.


Dated:     November 9, 2022              SO ORDERED.
           New York, New York

                                         *[signature: Katherine Polk Failla]*

                                         HON. KATHERINE POLK FAILLA
                                         UNITED STATES DISTRICT JUDGE

5